NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 12-1332
_____

PARAGON TAX GROUP, LLC

v.

BROADVIEW NETWORKS HOLDINGS, INC.;
INFOHIGHWAYS COMMUNICATION CORP;
ATX COMMUNICATIONS, INC.;
CORECOMM ATX, INC.,

Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cv-01699)
District Judge: Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 31, 2012

Before: SLOVITER, AMBRO and BARRY *Circuit Judges*

(Filed: November 1, 2012)
_____

OPINION
_____

SLOVITER, Circuit Judge

1

Broadview Networks Holdings, Inc. ("Broadview"), on behalf of itself and its subsidiaries, appeals from the District Court's grant of summary judgment in favor of Paragon Tax Group, LLC ("Paragon"). We will affirm.[1]

Paragon and Broadview entered into a contract ("Contract") in which Paragon agreed to provide tax-related services to Broadview and some of its subsidiaries on a contingency basis. In September 2009, Paragon filed an initial gross receipts tax appeal which obtained a refund for Broadview of $22,395.00. Paragon billed Broadview according to the 30% contingency fee in its Contract, and Broadview paid this invoice. While inquiring on the status of the refund with the Pennsylvania Department of Revenue, Paragon discovered that Broadview owed $1,198,018.00 in gross receipts tax obligations from 2006. After receiving permission from Broadview, Paragon filed an appeal of the assessment with the Revenue Department. During the appeal, Paragon discovered a math error committed by the Revenue Department. Although the Department initially wanted more documentation to make a determination, Paragon appealed to the auditors of the Board of Finance and Revenue. The Board agreed with Paragon that the assessments were incorrect and that the Department could not demand more documentation. The Board therefore reduced the assessment to zero. The reduction secured, Paragon billed Broadview for $359,405.40, which was 30% of the

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment and apply the same standard applicable in the District Court found in Fed.R.Civ.P. 56. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

$1,198,018.00 reduction. Broadview objected to the contingency fee, instead offering to pay $40,000.00 as compensation for Paragon's services.

Paragon brought suit for breach of contract, quantum meruit, unjust enrichment, and for declaratory judgment for a related matter. The District Court granted summary judgment for Paragon for breach of contract, declared the quantum meruit and unjust enrichment claims moot, and found the declaratory judgment claim unripe. Broadview appeals from the grant of summary judgment and moves for summary judgment against Paragon on the breach of contract claim.

The parties agree that Pennsylvania law governs the interpretation and construction of the Contract. Under Pennsylvania law, we look to the terms of the Contract to determine the intent of the parties, *401 Fourth St., Inc. v. Investors Ins. Grp*, 879 A.2d 166, 171 (Pa. 2005), and we construe these terms together so that "each will be given effect." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009).

The Contract defines the term "Refund" to include "refund(s) and/or reductions of . . . gross receipts tax . . . which have been either paid and/or been given notice of liability by a taxing authority as a result of an audit. . . ." App. at 46. Broadview argues that only the capitalized version of "Refund" should be given the defined meaning, and that the lower case version of "refund" should be given its ordinary meaning as "the actual recovery of monies." Appellant's Br. at 22. If the Contract were interpreted in this way, Paragon would not receive a contingency fee for its work on Broadview's gross receipts tax appeal because Paragon's appeal convinced the Pennsylvania Board of Finance and Revenue to reduce an assessment, rather than to return money directly to Broadview. *See*

3

App. at 47 (showing 30% contingency fee for "Gross Receipts Tax Refund Review / Audit Defense" of "[a]ll refunds recovered").  This interpretation, however, fails to give effect to all of the provisions of the Contract.[2]

The Contract's "Scope of Services" section clearly shows that Paragon's appeal of Broadview's gross receipts tax assessment falls within the scope of the Contract.  This Section calls for Paragon to "examine Client records relating to . . .  gross receipts . . . and, where applicable, apply for Refund(s) for the Client."  App. at 46.  It also says that, "[i]n connection with these services,"  Paragon will "[re]view the pertinent Client records for overpayment" and "[p]repare, file and process the petition for Refund or Reductions of Assessment."  App. at 46.

The "Fee" section is equally clear.  It calls for Paragon to "receive **a Contingent Fee based solely on recovered amounts or reductions of assessments.**"  App. at 46.  The Contract's "Fee Schedule" provides for a 30% contingency fee for all services rendered.  App. at 47.  Although the fee schedule is inconsistent in that it only lists "All refunds recovered" for "Gross Receipts Tax Refund Review / Audit Defense" whereas it lists "All refunds and/or reductions of assessment" for "Sales & Use Tax Audit Defense," this inconsistency only creates confusion if the fee schedule is interpreted in isolation.

---

[2] Broadview argues that its interpretation is demanded by the "basic tenet of contract interpretation that when a term is defined in a contract, it is to be afforded its contractual definition when capitalized and given its plain, ordinary and popular meaning when presented in its lower-case form."  Appellant's Br. at 21.  Pennsylvania law, however, requires us to rely not on strict rules of interpretation, but on the contextual reading of contractual terms. *See Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001) ("The whole instrument must be taken together in arriving at contractual intent.").

When read in the context of the Contract, it is clear that Paragon's 30% fee applies to all contractual services. Paragon's fee for reducing Broadview's gross receipts assessment is therefore appropriate.[3]

Broadview claims that this reading of the Contract creates a dispute of material fact and therefore summary judgment is inappropriate. When read in the context of the Contract, however, the supposedly ambiguous terms "refund claim process" and "audit" clearly describe the work Paragon undertook for Broadview. *See Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1011 n. 10 (3d Cir. 1980) ("Under Pennsylvania law . . . unambiguous writings are interpreted by the court as a question of law.").

For the reasons set forth, we will affirm the judgment of the District Court.

---

[3] Because the Contract is clear we need not construe it against Paragon, as Broadview claims. *See Pines Plaza Bowling, Inc. v. Rossview, Inc.*, 145 A.2d 672, 676 (Pa. 1958) (only ambiguous contracts are interpreted against drafter).